The People of the State of New York, Respondent,
against
Elizabeth Morena, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Gilbert C. Hong, J.), rendered January 16, 2014. The judgment convicted defendant, after a nonjury trial, of attempted assault in the third degree, attempted criminal possession of a weapon in the fourth degree, menacing in the third degree and harassment in the second degree. The appeal from the judgment of conviction brings up for review the denial by the same court on January 15, 2014 of defendant's motion to dismiss the accusatory instrument on the ground that she had been denied her statutory right to a speedy trial.




ORDERED that the matter is remitted to the Criminal Court to report whether it had, on or before May 16, 2013, ordered that an identification hearing be held, and the appeal is held in abeyance in the interim. The Criminal Court shall file its report with all convenient speed.
On October 20, 2012, defendant was arraigned on a misdemeanor complaint charging class A and B misdemeanors, as well as a violation. During the arraignment, the People allegedly filed a CPL 710.30 (1) (b) notice, which notice is not contained in the record on appeal. The case was then adjourned to November 2, 2012 for conversion of the complaint. On November 2nd, the People did not have a supporting deposition and the case was adjourned to January 23, 2013. On November 14, 2012, the People filed a supporting deposition and an off-calendar statement of readiness. On January 23rd, the People announced ready for trial and the case was adjourned to March 21, 2013 for discovery. On March 21st, the People served and filed discovery materials, and the case was adjourned to May 16, 2013 for "hearing and trial." On May 16th, the People were not ready for trial because the arresting officer was unavailable due to a line of duty injury, and the case was adjourned to July 29, 2013. The May 16th transcript does not indicate that the case was adjourned for hearing and trial, however such a notation was made on the court file jacket. 
On July 29, 2013, the People were not ready for trial and they requested a 14- day adjournment. The court stated that the case was on "for trial," and adjourned the case to October 24, 2013. The court file jacket, however, states that the case was adjourned for hearing and trial. On October 24th, the People were not ready for trial because the assistant district attorney was out sick, and they requested a nine-day adjournment. The case was adjourned to October 31, 2013 for "hearing and trial." On October 31st, the People were not ready for trial, and requested a four-day adjournment. The assistant district attorney stated, among other things, that "the People will be . . . withdrawing identification notice. So there will be no hearings in this case," [*2]and the case was adjourned to November 25, 2013, for a "bench trial." 
On November 25, 2013, the People announced that they were ready for trial, but the case was adjourned to January 15, 2014, since no trial parts were available. In the interim, defendant moved to dismiss the accusatory instrument on the ground that her statutory right to a speedy trial had been violated. Without holding a hearing, the Criminal Court, on January 15, 2014, denied defendant's motion. On January 15th, the People filed a prosecutor's information charging defendant with attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), attempted criminal possession of a weapon in the fourth degree (Penal Law §§ 110.00, 265.01 [2]), menacing in the third degree (Penal Law § 120.15) and harassment in the second degree (Penal Law § 240.26 [1]). A nonjury trial was subsequently held, following which defendant was convicted of all counts. On appeal, defendant contends that the Criminal Court improperly denied her motion to dismiss the accusatory instrument on statutory speedy trial grounds.
The only time period in dispute is the 74 days from May 16, 2013 to July 29, 2013, as it is uncontroverted that the People are chargeable with 50 days of delay consisting of the time periods of the 25 days between October 20, 2012 and November 14, 2012, 14 days within the period of July 29, 2013 to October 24, 2013, the 7 days between October 24, 2013 and October 31, 2013, and 4 days within the period of October 31, 2013 to November 25, 2013. Defendant claims that the May 16th to July 29th period is totally chargeable to the People, while the People argue that it is excludable pursuant to the CPL 30.30 (4) (g) exceptional-circumstances exclusion because the arresting officer, whose testimony would be "material and relevant," was unavailable due to an injury.
The pertinent part of CPL 30.30 states as follows:
"4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
. . .
(g) other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period. . . ."
A review of the record on appeal indicates that the People failed to show that the arresting officer's trial testimony would be "evidence material to the People's case" (CPL 30.30 [4] [g]). The People argue that the officer's testimony would be "material and relevant" because the officer had interviewed the complainant and obtained the complainant's medical records. However, this specific officer's testimony is not required to get certified medical records admitted into evidence, and any testimony the officer could provide regarding his interview of the complainant would merely be cumulative to the complainant's own testimony.
We will not consider the People's contention, made for the first time on appeal, that the arresting officer's testimony was material to show that defendant had no injuries on the day she had been arrested in order to counter a possible self-defense theory and to corroborate the testimony of the People's witnesses that defendant was the initial aggressor. In any event, were we to consider this argument, we would find that it lacks merit, since the People could readily show that defendant was not injured on the day she was arrested by submitting, into evidence at trial, her arrest photo and any other police paperwork describing her appearance. The People never stated that there were no other police officers who could provide the same testimony as the arresting officer. Also, the arresting officer's testimony could not be used to corroborate the complainant's testimony as to what had happened on the day of the incident, since he did not witness the incident.
In regard to whether the arresting officer's testimony would provide material evidence at [*3]an identification hearing, we find that the information contained in the record on appeal is insufficient for this court to determine this issue, as the facts were not fully developed in the Criminal Court. In the Criminal Court, the People argued that the officer's testimony would be "material and relevant" because he had "performed the identification procedure with the complainant upon the defendant's arrest." However, the appellate record does not indicate that defendant ever moved for, or even requested, an identification hearing. Indeed, in support of defendant's speedy trial motion, defense counsel argued that defendant never requested an identification hearing, and no such hearing was ever ordered. Even though the case was repeatedly adjourned for "hearing and trial," the appellate record does not otherwise indicate that the court had ever ordered a hearing. The "hearing" referred to in the transcripts, and on the court file jacket, could have been a Sandoval hearing, for which the arresting officer's testimony would clearly not have been required. The fact that, on October 31, 2013, the People announced that they were "withdrawing identification notice," has no bearing on whether a hearing had been ordered, but not yet held, during the time period of May 16, 2013 to July 29, 2013. 
Furthermore, under the circumstances presented, we will not consider the People's argument, made for the first time on appeal, that the 74-day time period of May 16, 2013 to July 29, 2013 is excludable pursuant to CPL 30.30 (4) (a) for "delay resulting from other proceedings concerning the defendant."
Accordingly, the matter is remitted to the Criminal Court to report whether it had, on or before May 16, 2013, ordered that an identification hearing be held, and the appeal is held in abeyance in the interim.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: September 20, 2016